IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BFI WASTE SERVICES, LLC**                                                              **PLAINTIFF**

v.                                                            Civil Action No. 1:09cv294HSO-JMR

**DELTA SANITATION OF MISSISSIPPI, LLC,**
**DELTA SANITATION OF ALABAMA, LLC,**
**MARK A. BOCCALERI and MITZI HUGHES**                          **DEFENDANTS**

### ORDER GRANTING PLAINTIFF'S REQUEST FOR FEDERAL RULE OF CIVIL PROCEDURE 56(f) RELIEF AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION FOR SANCTIONS WITHOUT PREJUDICE

Before the Court are the Motions for Summary Judgment [73] and for Sanctions [75], filed by Defendants Delta Sanitation of Mississippi, LLC, Delta Sanitation of Alabama, LLC, Mark A. Boccaleri, and Mitzi Hughes (collectively "Defendants"), pursuant to Federal Rules of Civil Procedure 11 and 56. Plaintiff BFI Waste Services, Inc. ("BFI"), has filed Responses [86], [87], to both Motions, and Defendants a consolidated Reply [88]. In its Responses, BFI requests additional discovery pursuant to Federal Rule of Civil Procedure 56(f), in order to adequately oppose the Motions. After consideration of the submissions of the parties, the record in this case, and the relevant law, the Court finds that BFI's Rule 56(f) request should be granted, and that Defendants' Motion for Summary Judgment [73] and Motion for Sanctions [75] should be denied without prejudice, with leave to reassert at the close of discovery.

## I. PROCEDURAL BACKGROUND

BFI filed its Complaint in this case on May 7, 2009, against Defendants Delta Sanitation of Mississippi, LLC, Delta Sanitation of Alabama, LLC, and Mark A. Boccaleri, alleging claims against all Defendants for tortious interference with the contractual relationships between BFI and its customers, violation of the Mississippi Uniform Trade Secrets Act, Miss. Code Ann. § 75-26-1, violation of the Mississippi Antitrust Act, Miss. Code Ann. §75-21-1, *et seq.*, and unfair competition. *See* Compl. [1]. The Complaint asserts a separate claim against Defendant Boccaleri for breach of his Confidentiality, Non-Soliciation, and Non-Compete Agreement with BFI. *See id.* BFI amended its Complaint on October 13, 2009, to assert claims against Mitzi Hughes which are identical to those asserted against Defendant Boccaleri. *See* Am. Compl. [38]. On November 2, 2009, Defendants filed a Counterclaim against BFI for abuse of process, malicious prosecution, and intentional infliction of emotional distress. *See* Counterclaim [52].

On December 31, 2009, Plaintiff filed a Motion [64] for Extension of Time to Complete Discovery. On January 12, 2010, Defendants filed their Motion for Summary Judgment. Defendants filed their Motion for Sanctions on January 13, 2010. On February 8, 2010, United States Magistrate Judge John M. Roper granted Plaintiff's Motion for Extension of Time, and continued the discovery and dispositive motion deadlines until July 1, 2010, and July 15, 2010, respectively. Judge Roper reset the trial date to a three week calendar beginning February 7, 2011. *See* February 8, 2010, Text Order. BFI then responded to the Motions for

Summary Judgment and for Sanctions, seeking a Rule 56(f) continuance and requesting that it be given until July 15, 2010, the dispositive motion deadline, to file any formal Responses. Defendants oppose BFI's request.

## II. DISCUSSION

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Rule 56(c) states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

Rule 56(f) provides that:

[i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

FED. R. CIV. P. 56(f).

Rule 56(f) discovery motions are "broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006). The Rule "allows for further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.'" *Id*. The Court is of the opinion that the Rule 56(f) standard is satisfied here. Though Plaintiffs have not

filed a formal Rule 56(f) motion, this Court has held that "[w]hen a party files a brief opposing the motion for summary judgment and informs the court of the need for additional discovery, these documents can combine to serve 'as the functional equivalent' of a Rule 56(f) motion." *Travelers Property Cas. Co. of America v. Dillard's, Inc.*, No. 2:07cv312, 2008 WL 886099, at * 2 (S.D. Miss. 2008) (*citing Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002)).

Rule 56 "presupposes that a party opposing a motion for summary judgment has had an adequate time for discovery of evidence of contradictory facts." *Isaacson v. Waste Management, Inc.*, No. 1:08cv438, 2009 WL 2408374, at *1 (S.D. Miss. Aug. 3, 2009) (*quoting Lewis v. Federal Reserve Bank of Atlanta-New Orleans*, 04-1452, 2004 WL 2035006, at *4 (E.D. La. Sept. 10, 2004)). A review of the record and briefs indicates that BFI has made a sufficient showing of its need for further discovery. Approximately three months after Mitzi Hughes was added as a Defendant, and two months after Defendants asserted their Counterclaim, Defendants filed their Motions for Summary Judgment and for Sanctions. The discovery deadline in this case is not until July 1, 2010, and the parties are presently actively engaged in discovery. Based upon the foregoing, and because further discovery could potentially alter the current posture of Defendants' Motions, the Motion for Summary Judgment and Motion for Sanctions will be denied without prejudice, with leave to reassert once the parties have concluded discovery.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the request of Plaintiff BFI Waste Services, Inc., for Federal Rule of Civil Procedure 56(f) relief is hereby **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motions for Summary Judgment [73] and for Sanctions [75], filed by Defendants Delta Sanitation of Mississippi, LLC, Delta Sanitation of Alabama, LLC, Mark A. Boccaleri, and Mitzi Hughes, are hereby **DENIED WITHOUT PREJUDICE**, with leave to reassert upon the conclusion of discovery in this case.

**SO ORDERED AND ADJUDGED**, this the 27th day of May, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE